UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LACAL WILSON                                                                        CIVIL ACTION

VERSUS                                                                              NO. 06-2517

JAMES D. MILLER                                                                     SECTION "I" (6)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petitions be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this action, LACAL WILSON seeks relief from his allegedly unconstitutional confinement in the Louisiana State Penitentiary at Angola, Louisiana, where Wilson is serving a life sentence as a result of a 2005 burglary conviction. In this court, Wilson claims that his 2005 conviction in the 22nd Judicial District Court, Parish of St. Tammany, was obtained as a result of his

counsel being ineffective on various grounds.[1]  Wilson claims that he has exhausted his claims by filing applications for post-conviction relief in the 22nd Judicial District Court but he fails to offer any evidence that he has presented any challenge to his 2005 conviction to the state's highest court.[2] As the following case law makes clear, the fact that petitioner filed his claims with the district court in St. Tammany Parish is insufficient for exhaustion purposes.

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief.  28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987).  A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief.  *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205.  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented

---

[1] Page 5 of Wilson's habeas application is missing from his submission, thus his ineffective assistance of counsel claims begin with claim number three on his petition. See Rec. Doc. 1.  Wilson also makes a vague request for monetary damages similar to those which would possibly arise under 42 U.S.C. Section 1983.  To the extent that petitioner is attempting to raise a claim pursuant to Section 1983, it is recommended that such a claim be dismissed.  Even if there were a legal basis to allow plaintiff to assert his claims in a federal civil rights action, those claims would be frivolous because they would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Additionally, since plaintiff claims monetary damages based upon "mental anguish", such a claim must be denied as he is barred from seeking damages for purely mental or emotional injuries.  Federal law provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

[2] Wilson indicates, on pages 3-4 of his petition, that he has filed post-conviction proceedings with the 22nd Judicial District Court on three occasions.  He gave no response to question number 11(d), which asked whether he had appealed to the highest state court.

to the *state's highest court* in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)(emphasis added). See also, *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor,*404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts.")

The Court's independent research via a Westlaw search fails to reveal any filings by Wilson to the Louisiana Supreme Court relative to his 2005 conviction. Additionally, a staff member of the undersigned Magistrate Judge contacted the Deputy Clerk of the Louisiana Supreme Court and was informed that no writ application relative to petitioner's 2005 conviction was ever filed with that court. Without a ruling from the Louisiana Supreme Court, petitioner's habeas corpus petition is subject to dismissal without prejudice since he has presented this court with unexhausted claims.[3]

### RECOMMENDATION

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that the petition of Lacal Wilson for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[3] Since it is clear on the face of petitioner's habeas application as well as from the court's independent research that Wilson has not exhausted his state court remedies, the court did not issue a briefing order to the State of Louisiana requesting either the certified state court record or a written response. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 25th day of May, 2006.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE